HAMELIN v. DELTA CIRCUIT JUDGE.

PRINCIPAL AND AGENT—CLAIM OF APPEAL—SIGNATURE—DESCRIPTIO PERSONÆ—MANDAMUS.

A claim of appeal setting forth that the "undersigned," being attorney in fact for H., is aggrieved by a certain order, and makes application for an appeal, which is signed "S. C., Attorney in Fact," is the application of C., the appended words being *descriptio personæ,* and therefore *mandamus* will not lie at the suit of H. to vacate an order dismissing the appeal.

*Mandamus* by Marcelline Hamelin to compel John W. Stone, circuit judge of Delta county, to vacate an order dismissing an appeal from an order appointing an administrator.    Submitted October 9, 1900.    Writ denied February 27, 1901.

*James H. Clancy*, for relator.

*George Gallup*, for respondent.

PER CURIAM.    An administrator was appointed on the estate of John B. Hamelin, relator's husband, by the probate court of Delta county.    Prior to the appointment, a power of attorney had been given by the relator to Simon Cyr to select or suggest the name of an administrator of said estate, and authorizing said Simon Cyr to take an appeal from the order or finding of the probate court. The recommendation of Simon Cyr was ignored, and an administrator appointed at the suggestion of the son of the deceased.    Thereupon a notice of appeal was filed, containing the following statement:

"The undersigned, being attorney in fact for Marcelline Hamelin, widow of said deceased, and being duly authorized by said Marcelline Hamelin, by a proper power of attorney, to select and nominate in her behalf an administrator of said estate, which said power of attorney, properly executed, is now on file in said probate court, and a part of the records of said court in the matters pertaining to said estate, reference to which will more fully appear, and being aggrieved by the order or decree of said judge of probate, made on the 7th day of May, A. D. 1900, appointing Manizep Perron administrator of the estate of said John B. Hamelin, on the petition of one Eugene Hamelin, son of said deceased, as appears by such order and decree on file in said court, hereby gives notice of, and makes application for, an appeal to the circuit court for said county from the said order and decree of said judge of probate for the following specific reasons."

This notice was signed, "Simon Cyr, Attorney in Fact."

The circuit judge dismissed the appeal for the reason,

among others, that the appeal was claimed and taken by Simon Cyr, and not by the relator, and that Simon Cyr did not have any such interest in said estate as entitled him to take any such appeal, and that the addition of his name and the words "Attorney in Fact" was but a description of his person.   We think that the holding is correct on the face of the papers.   The question is not presented as to whether Simon Cyr, by virtue of his appointment as attorney in fact, had such an interest in the proceeding as authorized him to take an appeal, as this application is not based upon any such view, but the relator claims that the appeal is her appeal rather than that of Mr. Cyr.

Application for a *mandamus* to vacate the order of the circuit judge will be denied.